JAMES B. MINTER v. SOUTHERN EXPRESS COMPANY.

(Filed 30 November, 1910.)

**Pleadings — Demurrer — Corporations—Acts of Agents—Larceny— Ratification.**

> A complaint in an action against a corporation for damages based upon the ground that its agent and night watchman, acting under the instruction of the night foreman, swore out a search warrant and a warrant of arrest for plaintiff charging him with larceny from the defendant, is demurrable in the absence of allegation that the corporation authorized or ratified the acts of its agents.

APPEAL from *Long, J.,* at the July Term, 1910, of MECKLEN-BURG.

The facts are sufficiently stated in the opinion of *Mr. Justice Brown.*

Civil action brought by the plaintiff to recover damages for an alleged wrong.

The Southern Express Co. filed a demurrer to the complaint which was sustained. Plaintiff appealed.

*Tillett & Guthrie* for plaintiff.
*Burwell & Cansler* for defendant.

BROWN, J. The complaint alleges that the Southern Express Company maintained offices in the city of Charlotte at the Southern Railway station; that Kreeger was the night foreman, and Rust was the night watchman of the express company, and that they were in charge of the business and had custody and care of the property of the express company; that Rust, agent and night watchman of the express company, charged the plaintiff with stealing a keg of whiskey from the express company; that Rust, agent and night watchman of the express company, swore out and caused to be issued a warrant for the arrest of the plaintiff, charging the larceny from the express company of the whiskey; and that he also swore out and caused to be issued a search warrant for the search of the plaintiff's premises for the whiskey; that in swearing out the warrant of arrest and the search warrant, Rust was acting under the or-

ders or instructions of Kreeger, foreman, and was also acting as the employee of the express company; that under the said warrants Rust went with two policemen to the sleeping room of the plaintiff and made search for the whiskey. The defendant demurred on the ground that it is not alleged in the complaint that the express company authorized or ratified the acts of its agents and employees.

We deem it unnecessary to do more than to refer to the elaborate discussion of this question by *Mr. Justice Walker* in *Daniel v. R. R.,* 136 N. C., 517, and to the very apt quotation therein from the opinion of *Justice Blackburn* in *Allen v. R. R.,* L. R. 6 Q. B., 65.

In sustaining the demurrer, his Honor followed well established precedents.

Affirmed.