[No. 12695.   Department Two.   July 14, 1915.]

CHARLES BACKLUND, *Respondent*, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, *Appellant*.[1]

CARRIERS — STREET CARS — EJECTION OF INTOXICATED PASSENGER—
EVIDENCE—SUFFICIENCY. The conductor of a street car is justified in removing an intoxicated passenger where it appears that he repeatedly fell asleep, with his feet extending into the aisle and doorway where passengers must enter, the conductor made unsuccessful efforts to keep him awake, and he fell once or twice into the aisle of the car.

SAME—CARE IN EXPULSION—EVIDENCE—QUESTION FOR JURY. Liability for removing an intoxicated passenger from a street car in an unreasonable manner is sustained by evidence to the effect that the conductor took him from the car and dropped him upon the street, and then carried him out of the way of traffic and dropped his head and shoulders upon the sidewalk with his back across the curb, resulting in injury; the question being for the jury where there was conflicting evidence.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $310 for injuries sustained in the ejection of an intoxicated passenger from a street car is not excessive, where the plaintiff, a blacksmith, earning $3.50 a day, claimed an injury to his back, he did not work for seven or eight weeks, and then received but $3 per day, and there was some evidence of pain and suffering.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered October 2, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

*James B. Howe* and *H. S. Elliott*, for appellant.

*Green & Chester*, for respondent.

[1]Reported in 150 Pac. 3.

MAIN, J.—This action was brought for the purpose of recovering damages claimed to be due to the wrongful ejection of the plaintiff from a street car operated by the defendant in the city of Seattle. All the material allegations of the complaint were denied by the answer of the defendant. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $310. Motions for judgment notwithstanding the verdict, and for a new trial, were made and overruled. Judgment was entered upon the verdict. The defendant appeals.

On Saturday, April 11, 1914, at about the hour of 11 o'clock p. m., the plaintiff, in a very much intoxicated condition, boarded one of the appellant's street cars in the business section of the city, for the purpose of being conveyed to his home, which was in the vicinity of Green Lake, in the northern part of the city. After getting aboard the car, he occupied one of the rear seats, and soon fell asleep. His feet extended out into the aisle and doorway through which passengers must enter. The conductor of the car made a number of unsuccessful efforts to keep him awake, and to prevent him from interfering with the comfort and the convenience of other passengers. After the car had proceeded some distance, and while it had stopped for the purpose of either receiving or discharging passengers, the conductor removed the respondent from the car and left him upon the street or sidewalk. Once or twice, before the time of the removal, the respondent had fallen from the seat upon which he was sitting into the aisle of the car.

The appellant claims that the condition and conduct of the respondent was such as to cause annoyance and discomfort to other passengers, and that, therefore, the removal was rightful and lawful. The respondent claims that the manner of removal was such as to unnecessarily cause an injury to his back, for which the action was brought.

It is a rule of law, supported by both reason and authority, that where the conduct or condition of an intoxicated passen-

ger is such as to cause annoyance or discomfort to other passengers or where his condition or conduct is such as to render it probable that he would occasion discomfort or annoyance to other passengers if permitted to remain in the car, it is not only the right but the duty of the employees of the transportation company in charge of the car to remove such person therefrom. But in the removal of an intoxicated passenger it is necessary that the conductor exercise reasonable care, in view of all the surrounding facts and circumstances, to the end that the person so removed may not be unnecessarily injured. 2 Nellis, Street Railways (2d ed.), § 336; *Lemont v. Washington & Georgetown R. Co.*, 1 Mackey 180, 47 Am. Rep. 238; *Edgerly v. Union St. R. Co.*, 67 N. H. 312, 36 Atl. 558; *Berry v. Carolina C. & O. R. Co.*, 155 N. C. 287, 71 S. E. 322; *Murphy v. Union R. Co.*, 118 Mass. 228; *Hudson v. Lynn & Boston R. Co.*, 178 Mass. 64, 59 N. E. 647. Without further detailing the facts, it may be said that, under the rule of law stated, the conductor of the street car upon which the respondent was riding was justified in removing him. If the case rested upon the fact of removal, there would be no liability on the part of the appellant company.

The judgment can only be sustained if the evidence relative to the manner of removal was sufficient to carry the question to the jury whether the conductor exercised reasonable or ordinary care in that regard. The testimony of the respondent's witnesses tends to support the claim that, after the conductor took him from the car, the respondent was first dropped upon the street; then picked up and carried out of the way of traffic upon the street and dropped with his head and shoulders upon the sidewalk and his feet and legs projecting into the street, with his back across the curb. The appellant's evidence tends to show that, when the respondent was first removed from the car, the conductor attempted to set him against the curb, but that the respondent was too intoxicated to sit up. Thereupon the conductor placed him upon the sidewalk. The testimony as to the manner of re-

moval was given by the conductor and certain of the passengers who were upon the car at the time. The respondent himself had no knowledge as to the manner of his removal. We think there is sufficient evidence to carry the question to the jury as to whether the conductor dropped the respondent with his head and shoulders upon the sidewalk, with his feet and legs projecting into the street and his back across the curb, and thereby injured him, or whether the removal took place in the manner detailed by the witnesses for the appellant. If the evidence offered on behalf of the respondent is true, it became a question for the jury to determine whether or not the conductor had exercised reasonable care in view of all the surrounding facts and circumstances.

It is claimed also by the appellant that the verdict is excessive. There was evidence that the respondent did not work for seven or eight weeks after the time in question; that, prior to that time, he was receiving $3.50 per day as a blacksmith, and after returning to work subsequent to the injury he received $3 per day. There was an allegation in the complaint as to pain and suffering, and some evidence to support this claim. If these facts are true, we cannot say that the verdict is such as to show passion and prejudice on the part of the jury.

The judgment will be affirmed.

MORRIS, C. J., ELLIS, FULLERTON, and CROW, JJ., concur.