RICHARD COLE v. ASHEVILLE FUNERAL HOME.

(Filed 31 October, 1934.)

**Automobiles D b—Evidence held insufficient to hold employer liable for negligent driving of employee.**

Where, in an action seeking to hold an employer liable for the negligent driving of his employee during business hours, there is no evidence that the automobile was a business vehicle or was owned by defendant, and no competent evidence that at the time of the accident the employee was engaged in the business of the employer, the employer's motion as of nonsuit is properly granted.

SCHENCK, J., took no part in the consideration or decision of this case.

CIVIL ACTION, before *Schenck, J.,* at February Term, 1934, of BUN-COMBE.

On 7 August, 1930, plaintiff was working on a public street in the city of Asheville, greasing a street-car track. A street car approached and he stepped off the track in order that the street car might pass. Thereupon an automobile, driven by L. H. Wilkins, turned into the street upon which plaintiff was standing and negligently ran him down, inflicting serious injuries. Plaintiff said: "When I was knocked down and dragged the car stopped after it got toward McDowell Street, after he drug me here from the switch. I know the man that was driving, L. H. Wilkins. He was working for the Asheville Funeral Home."

The daughter of plaintiff testified without objection: "I know a man by the name of L. H. Wilkins. . . . I saw him on the date that this happened. He worked for the Asheville Funeral Home. He drove for the Asheville Funeral Home and worked for them."

The plaintiff attempted to offer evidence of certain declarations of Wilkins, tending to show that he was, at the time of the injury, engaged in executing a mission for the defendant. Wilkins did not take the stand at the trial and testify under oath. Hence, the trial judge properly excluded such declaration.

At the conclusion of the evidence there was judgment of nonsuit, and the plaintiff appealed.

*Edward H. McMahan and D'Arcy S. Williams for plaintiff.*
*Welch Galloway for defendant.*

BROGDEN, J. There was competent evidence that Wilkins, an employee of defendant, was driving some kind of car during business hours. There was competent evidence that, while so driving, he negligently struck and injured the plaintiff.

Upon such showing, has the plaintiff made out a *prima facie* case? The law answers the question in the negative.

The applicable and governing principle of law was discussed and applied in the case of *Jeffrey v. Mfg. Co.,* 197 N. C., 724, 150 S. E., 503. In that case it was declared: "Our decisions are also to the effect that a plaintiff, in order to recover for personal injury inflicted by an automobile or truck, must offer evidence tending to prove the following:

"1. That the truck or automobile inflicting the injury was at the time operated in a negligent manner, or that the driver thereof was guilty of negligence which was the proximate cause of the injury.

"2. Where the driver or operator of the conveyance at the time of the injury was other than the owner, the plaintiff must offer evidence tending to show the ownership of the vehicle, if such owner is sought to be charged with the negligence of the driver or operator.

"3. That if the injury was caused by the negligence of an agent, evidence must be offered tending to establish the agency.

"4. That the agent or employee, at the time of the injury, was acting within the scope of his employment as contemplated and defined by law."

It is further held in the *Jeffrey case, supra,* that if a vehicle, devoted exclusively to business purposes, is operated during business hours by the regular employee of the owner, and such employee is engaged in the duty of driving and operating such vehicle, such facts would warrant the inference by a jury that the vehicle was, under such circumstances, operated in the furtherance of the employer's business.

In the case at bar there is no evidence that the automobile driven by Wilkins at the time was a business vehicle. There was no evidence that the defendant owned the automobile so driven. There was no competent evidence that the driver was engaged in the business of his employer. Consequently, the ruling of the trial judge was correct.

Affirmed.

SCHENCK, J., took no part in the consideration or decision of this case.