26136. LEWIS, administrator, *v.* FRINK, guardian, *et al.*

DECIDED JUNE 1, 1937.  ADHERED TO ON REHEARING, JULY 28, 1937.

*Lee S. Purdom,* for plaintiff in error.

*J. R. Walker Jr., Memory & Memory,* contra.

MACINTYRE, J.   This case involves the proper distribution of $794.94, the commuted value of certain unpaid installments due on a war-risk insurance policy issued to Willie Edgar Lewis. The undisputed facts are that Willie Edgar Lewis died intestate October 17, 1918, without widow, descendants, or parents surviving, but left one brother, G. Olin Lewis, and four sisters, Catherine Lenora Holden, Cora L. Arnett, Nancy G. Holden, and Dorcass Ann Hewett; that the insurance policy was for $5000, payable to the estate of Willie E. Lewis; that on June 5, 1929, Dorcass Ann Hewett, one of the heirs, died leaving as her sole heirs her husband, W. B. Hewett, and her children, Bartlett Hewett, Gracie Holden, Laura W. Hewett, Daniel L. Hewett, Mattie E. Hewett, Nellie E. Hewett, and Hazel G. Hewett; that in December, 1934, Nancy G. Holden died, leaving as her sole heir her husband, Willie H. Holden; that at the time of the death of Willie E. Lewis, the veterans administration commenced to pay to the above-named five brothers and sisters of Willie E. Lewis $5.75 per month, this being the proportionate share of each of the brothers and sisters

of Willie E. Lewis; that on October 7, 1935, G. Olin Lewis was appointed administrator of the estate of Willie Edgar Lewis; that the veterans administration has paid to this administrator $794.94, being the unpaid installments due Dorcass Ann Hewett and Nancy G. Holden at the time of their death; that this $794.94 is now being held in the Blackshear Bank by the administrator of Willie E. Lewis; and that the veterans administration is now paying, and has paid since the death of Willie E. Lewis, $5.75 to G. Olin Lewis, Catherine Lenora Holden, and Cora L. Arnett, this being their part of the estate of Willie E. Lewis.

The statute governing payment of the policy in question, at the time of the insured's death on October 17, 1918, was section 402 of the war-risk insurance act as amended on June 25, 1918 (40 Stat. 609, § 21). It provided that when "the insurance was payable in 240 monthly installments and in favor of only a spouse, child, grandchild, parent, brother, or sister," and "if no beneficiary within the permitted class be designated by the insured, . . the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would, under the laws of the State of the residence of the insured, be entitled to his personal property in case of intestacy." By the laws of Georgia the personal estate of one dying intestate without widow, descendants, or parents surviving, passes to living brothers and sisters and to the descendants collectively of said deceased brothers and sisters. Code, § 113-903.

In 1924 Congress passed the world-war veterans' act, repealing the war-insurance act. Section 303 of the act, as amended on March 4, 1925 (38 U. S. C. A., § 514), to cover a case of this type, reads: "If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award: Provided, that all awards of yearly renewable term insurance which were in course of payment on the date of the ap-

proval of this act [March 4, 1925] shall continue until the death of the person receiving such payments, or until he forfeits same under the provisions of this act [chapter]. When any person to whom such insurance was awarded prior to such date dies or forfeits his rights to such insurance, then there shall be paid to the estate of the insured the present value of the remaining unpaid monthly installments of the insurance so awarded to such person: Provided further, that no award of yearly renewable term insurance made to the estate of a last surviving beneficiary prior to March 4, 1925, shall be affected by this amendment [the foregoing provisions]. In cases when the estate of an insured would escheat under the laws of the place of his residence, the insurance shall not be paid to the estate, but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1917." Section 303 is retroactive on its face; and it has been held that Congress had power so to make it. The provisions in section 303 govern the disposition of insurance proceeds in cases where the insured died before the enactment of the section. "Section 303 as amended in 1925 covers three situations: first, where no person within the permitted class is designated as beneficiary by the insured; second, where the designated person does not survive the insured; third, where the designated beneficiary survives the insured but dies before receiving all the installments. As to all three cases the rule is laid down that the estate of the insured shall receive in a lump sum the present value of the monthly installments 'thereafter payable, said value to be computed as of date of last payment made under any existing award.'" Madden v. U. S., 18 Fed. Supp. 534, 536.

The instant case is one where no one of the permitted class was named as beneficiary. The judge of the superior court decided that "the moneys collected by Olin G. Lewis as administrator of the estate of Willie Edgar Lewis, deceased, in settlement of the unpaid installments due Dorcass Ann Hewett and Nancy G. Holden, both deceased, on a war-risk insurance policy in favor of Willie Edgar Lewis and payable to the estate of the insured, amounting to $794.94, . . be paid to the lawful heirs of the said Dorcass Ann Hewett and Nancy G. Holden, after deducting therefrom the expense of the administration; that the amount collected by said

administrator in settlement of the unmatured installments due Dorcass Ann Hewett, deceased, as an heir of Willie Edgar Lewis, deceased, or, in case there are any minor heirs of the said Dorcass Ann Hewett, deceased, to the lawful guardian or guardians of such minors, the said heirs of Dorcass Ann Hewett, . . to be paid in such amounts as they may be entitled under the laws of Georgia; and that the amount collected by the said administrator in settlement of the unmatured installments due Nancy G. Holden, deceased, . . be paid to her lawful heir or heirs, the said heirs as to each of said deceased, Dorcass Ann Hewett and Nancy G. Holden, to be determined by the Georgia law regarding descent and distribution." And in so doing he reversed the judgment of the ordinary. His decision is sound if the facts of the case bring it under the enacting clause of the act of March 4, 1925. On the contrary, his decision is incorrect if the case is one falling under the first proviso of said act, which qualifies and restrains its generality. Under that first proviso, all awards in course of payment on March 4, 1925, were to continue until the death of the person or persons receiving them or until forfeiture, whereupon the value of the installments then remaining unpaid was to be paid in a lump sum to the insured's estate. It being our opinion that the instant case comes under the first proviso of said 1925 act, it follows that the $794.94 representing the cash value of the unpaid installments that would have been payable to Dorcass Ann Hewett and Nancy G. Holden, had they lived, should have been distributed equally, less expense of administration if any, among G. Olin Lewis, Catherine Lenora Holden, Cora L. Arnett, and the representatives of the estates of Dorcass Ann Hewett and Nancy G. Holden. See, in this connection, Singleton v. Cheek, 284 U. S. 493, 497 (52 Sup. Ct. 257, 76 L. ed. 419) ; McCullough v. Smith, 293 U. S. 228 (55 Sup. Ct. 157, 79 L. ed. 297) ; White v. Roper, 176 Ga. 180, 185 (167 S. E. 177) ; Tolbert v. Tolbert, 41 Ga. App. 737 (2) (154 S. E. 655) ; Coleman v. Harris, 168 Ga. 859, 866 (149 S. E. 141) ; Porter v. Watson, 51 Ga. App. 848 (181 S. E. 680) ; Dowell v. U. S., 86 Fed. (2d) 120, 122. The judgment sustaining the certiorari and reversing the judgment of the ordinary was erroneous.

*Judgment reversed. Guerry, J., concurs. Broyles, C. J., dissents.*