### J. A. LIVERMAN v. F. D. CLINE.

(Filed 22 September, 1937.)

**1. Automobiles § 24c—Plaintiff must show that alleged employee was employed by defendant and was acting in scope of employment at the time.**

Evidence failing to show the ownership of the truck involved in the collision, and failing to show that at the time the driver of the truck was engaged in the performance of his duties and was employed in the particular transaction by the defendant sought to be held upon the principle of *respondeat superior*, is insufficient to overrule such defendant's motion to nonsuit.

**2. Master and Servant § 21a—Respondeat superior applies only when relation of master and servant is shown to exist as to the specific transaction.**

The doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person sought to be charged, at the time of and in respect to the very transaction out of which the injury arose, and proof merely that the former was in the general employment and pay of the latter is insufficient.

APPEAL by plaintiff from *Cowper, Special Judge,* at May Term, 1937, of PASQUOTANK.

Civil action to recover damages for personal injuries alleged to have been caused by the wrongful act, neglect, or default of the defendant.

The defendant is a road contractor, and in July, 1936, was engaged in building an asphalt road from Camden to Shiloh in Camden County. This road connects with State Highway No. 30, a much traveled highway.

On the night of 13 July, 1936, while traveling on said highway, plaintiff ran his automobile into the rear of a truck operated at the time by Ralph Gibbs. Gibbs was hauling sand at the time. He testifies without contradiction: "I was working for Mr. J. Brown Evans. He was the man who hired me. On the night in question I was hauling sand. . . . I had not done any night hauling before this particular time and I did not haul any after that night." It is in evidence that Ralph Gibbs, a truck driver, was on the defendant's pay roll as asphalt hauler, being paid by the hour, but was not paid by the defendant for hauling sand. As asphalt hauler he worked only in the daytime and not at night. It seems that the work of hauling sand from a nearby pit to defendant's asphalt plant was separate and distinct from that of hauling asphalt from the plant to the road construction project.

It is not in evidence as to who owned the truck Gibbs was driving. Clyde Mungo, who was likewise hauling sand that night, testifies: "I had my own personal truck down there hauling sand. . . . I was working under Mr. LeRoy Chandler. He was the truck foreman for Mr. R. E. Fuller. R. E. Fuller paid me. . . . This was the only occasion that Gibbs and his truck worked at night. It was the only occasion that I worked at night."

LeRoy Chandler testifies: "On 13 July, 1936, I was truck foreman for R. E. Fuller, who is a contractor. . . . Mr. Gibbs on that particular night was hauling sand for Mr. Fuller."

The only evidence of negligence in the operation of the truck driven by Gibbs is, that its rear light was not lighted at the time plaintiff ran into it. This evidence is strongly contradicted, and defendant elicited from plaintiff, on cross-examination, testimony tending to show that he was contributorily negligent.

From judgment of nonsuit entered at the close of all the evidence, plaintiff appeals, assigning errors.

*J. Henry LeRoy and Thompson & Wilson for plaintiff, appellant.*
*Charles Whedbee and John H. Hall for defendant, appellee.*

STACY, C. J. Without debating the question of plaintiff's alleged contributory negligence, we think the judgment of nonsuit must be upheld

on the ground that the record fails to disclose any relation of employer and employee between the defendant and Ralph Gibbs, the driver of the truck at the time of plaintiff's injury.

"Where one person is sought to be charged with the negligence or wrongdoing of another, the doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person so sought to be charged, at the time of and in respect to the very transaction out of which the injury arose. The fact that the former was at the time in the general employment and pay of the latter, does not necessarily make the latter chargeable." *Wyllie v. Palmer,* 137 N. Y., 248.

The foregoing was quoted with approval in *Linville v. Nissen,* 162 N. C., 95, 77 S. E., 1096, and *Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126, and is universally held for law. *Doran v. Thomsen,* 76 N. J. L., 754. See, also, *Cole v. Funeral Home,* 207 N. C., 271, 176 S. E., 553, and *Martin v. Bus Line,* 197 N. C., 720, 150 S. E., 501; *Wilkie v. Stancil,* 196 N. C., 794, 147 S. E., 296; *Grier v. Grier,* 192 N. C., 760, 135 S. E., 852.

On the record, the judgment of nonsuit is correct.

Affirmed.