BELLE BRIGHT v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 2 March, 1938.)

**Master and Servant § 21b—Plaintiff must show that relation of master and servant existed in respect to the very transaction causing injury.**

Nonsuit *held* properly granted upon evidence tending to show that plaintiff was negligently injured by defendant's employee while he was on his way home from work after the defendant employer's place of business had closed, since plaintiff is under duty to show that the relation of master and servant existed at the time of, and in respect to, the very transaction out of which the injury arose in order for the doctrine of *respondeat superior* to apply.

APPEAL by plaintiff from *Ervin, Special Judge,* at September Term, 1937, of HAYWOOD. Affirmed.

At about 9:30 o'clock on the night of 27 July, 1935, the plaintiff, a young woman, while crossing Haywood Street in Waynesville, was run into and injured by a bicycle ridden by Hugh Gaddy, a messenger boy employed by the defendant. The bicycle had no lights or bell or other warning device, and gave none. The plaintiff before starting across the street had stopped at the curb, looked both ways, and listened, and seeing nothing coming, walked almost to the center of the street before being struck. She did not hear or see the bicycle and did not know what had happened until she regained consciousness some time after the collision.

The defendant closed its office at 9:00 o'clock on that night, and Hugh Gaddy, the messenger boy, was on his way home.

Lonnie Yount, witness for plaintiff, testified: "The Western Union office in 1935 closed at 9:00 o'clock, and I was on duty until then. Hugh Gaddy took my place as messenger boy." The evidence was also to the effect that defendant sold the messenger boys the bicycles they rode and the equipment and the defendant's messenger boys, when on duty, were required to wear a uniform and cap.

At the close of plaintiff's evidence the defendant made a motion for judgment as in case of nonsuit. C. S., 567. The court below granted the motion. The plaintiff excepted, assigned error, and appealed to the Supreme Court.

*Johnson & Medford for plaintiff.*
*Francis R. Stark and Alfred S. Barnard for defendant.*

PER CURIAM. We see no error in the court below granting the nonsuit. There was no sufficient evidence to be submitted to the jury that Hugh Gaddy, an employee of defendant, was about his master's business

when he injured the plaintiff.  He quit his work and was on his way home and there is no evidence that he was on duty or that the bicycle was being used by Gaddy in the defendant's business at the time of the collision with plaintiff.  We think this case is similar to *Liverman v. Cline,* 212 N. C., 43 (45).

"Where one person is sought to be charged with the negligence or wrongdoing of another, the doctrine of *respondeat superior* applies only when the relation of master and servant is shown to exist between the wrongdoer and the person so sought to be charged, at the time of and in respect to the very transaction out of which the injury arose.  The fact that the former was at the time in the general employment and pay of the latter, does not necessarily make the latter chargeable." *Wyllie v. Palmer,* 137 N. Y., 248.

For the reasons given, the judgment in the court below is
Affirmed.