JOHN J. MILLS AND WIFE, SUDIE MILLS, v. MARY E. JONES.

(Filed 13 April, 1938.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the Superior Court will be affirmed without becoming a precedent.

APPEAL from *Grady, J.,* at February Term, 1938, of PITT.

This is an action wherein the plaintiffs filed complaint which they contend stated a cause of action to graft a parol trust upon a deed taken by the defendant from a commissioner appointed to foreclose a mortgage, and which the defendant contends failed to state facts sufficient to constitute a cause of action. The court held with the contention of the defendant and entered judgment sustaining the demurrer filed, from which judgment plaintiffs appealed, assigning error.

*Jack Spain and Albion Dunn for plaintiffs, appellants.*
*J. B. James for defendant, appellee.*

PER CURIAM. The Court being evenly divided in opinion, *Connor, J.,* not sitting, the judgment of the Superior Court is affirmed, as the disposition of this appeal, without becoming a precedent, in accord with the practice of the Court. *Collins v. Ins. Co., ante,* 800.

Affirmed.

---

HINES O. WADFORD v. GREGORY CHANDLER COMPANY.

(Filed 4 May, 1938.)

**Master and Servant § 21a—Evidence held insufficient to support doctrine of respondeat superior.**

Defendant company rented a tractor and driver for work on an E. R. A. project, the truck and driver being under the direction and control of the E. R. A. superintendent. Plaintiff, an employee of the Emergency Relief Administration, instituted this action to recover for injuries inflicted by said truck and driver. *Held:* Judgment of nonsuit was properly entered on authority of *Liverman v. Cline,* 212 N. C., 43.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Hamilton, Special Judge,* at January Term, 1938, of WAKE.

Civil action to recover for personal injuries alleged to have been caused by the wrongful act, neglect or default of the defendant.

FRADY v. POWER CORP.

It is alleged in the complaint that the plaintiff was employed by the "North Carolina Employment Relief Administration" (*Vinson v. O'Berry*, 209 N. C., 287, 183 S. E., 423) as truck foreman in charge of the Pullen Park Lake Project; that the defendant corporation rented to said "administration" a tractor and driver; and that on 13 June, 1935, plaintiff was injured by the negligence of the driver of defendant's truck.

It is in evidence that the "E. R. A. supervisor had full authority to direct the operation of the Gregory Chandler equipment, tell them what to do, when to start to work, how to do it, and where to go. . . . Mr. Matthews, the E. R. A. supervisor, directed the work; gave orders to the foremen. Mr. Gregory wasn't there" when plaintiff was hurt.

From judgment of nonsuit, entered at the close of all the evidence, plaintiff appeals, assigning errors.

*Douglass & Douglass, J. M. Broughton, and Wm. H. Yarborough, Jr., for plaintiff, appellant.*
*Thos. W. Ruffin for defendant, appellee.*

PER CURIAM. Affirmed on authority of *Shapiro v. Winston-Salem*, 212 N. C., 751, and *Liverman v. Cline*, 212 N. C., 43, 192 S. E., 849.
Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.

---

T. T. FRADY AND H. G. CLEMENT v. CAROLINA MOUNTAIN POWER CORPORATION AND DUKE POWER COMPANY.

(Filed 4 May, 1938.)

**Appeal and Error § 38—**

When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the Superior Court will be affirmed without becoming a precedent.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant Duke Power Company from *Alley, J.*, at September Term, 1937, of RUTHERFORD. No error.

*McRorie & McRorie and Morgan & Storey for plaintiffs, appellees.*
*Edwards & Edwards, W. S. O'B. Robinson, Jr., C. W. Tillett, and J. H. Marion for defendant, appellant.*

PER CURIAM. A judgment of nonsuit was entered as to the defendant Carolina Mountain Power Corporation, from which no appeal was taken.