SEAWELL, J., took no part in the consideration or decision of this case.
Civil action to recover damage for injury by alleged actionable negligence.
On 20 August, 1933, plaintiff was injured in a collision at a street intersection in the city of Charlotte, between an automobile owned and operated by Mrs. H. C. Edwards, in which plaintiff was riding, and an automobile operated by the defendant Neal Vita. Plaintiff alleges and offered evidence tending to show that her injury was proximately caused by the negligence of the defendant Vita. She further alleges in substance that at the time of the collision Vita was operating an automobile owned by the defendant Swinson; that Vita was the agent and employee of Swinson; and that he was acting in the scope of his employment, and in furtherance of the business of the defendant Swinson. Defendants denied these allegations. The only evidence offered by plaintiff bearing on the issue thus raised is the testimony of Mrs. Edwards, who said in part: "I did see Mr. Swinson there after Vita went to the Coca-Cola Company and called him. Mr. Swinson did talk to me. . . . He came to me and asked me the particulars concerning the wreck — whose *Page 551 
fault it was, where we hit and all about it. . . . He said, `My boy is a very good driver.' . . . He said his name was Swinson. He did not say very much concerning the car — only that his products were in the car. I saw what was in the car — sandwiches, all kinds of cakes and the entire back seat was full and part of the front seat. He inquired about it all and was the sole concern of the whole thing. He . . . stated that his boy was a very careful driver, or something to that effect. He said `his boy' and spoke of it in such terms that I thought it was his boy. He said that his boy was a very careful driver and had never had any wrecks since working for him."
At the close of plaintiff's evidence, motion of defendant Swinson for judgment as of nonsuit was allowed, and plaintiff excepted. Thereupon plaintiff took a voluntary nonsuit as to the defendant Vita. From judgment as of nonsuit as to defendant Swinson plaintiff appealed to the Supreme Court, and assigned error.
The evidence for plaintiff fails to make out a prima facie case on the essential facts necessary under the doctrine of respondeat superior to hold the defendant Swinson responsible for the alleged negligent acts or tort of the defendant Vita. These essentials have been stated repeatedly in decisions of this Court, among which are: Linville v. Nissen, 162 N.C. 95,77 S.E. 1096; Grier v. Grier, 192 N.C. 760, 135 S.E. 852; Martinv. Bus Line, 197 N.C. 720, 150 S.E. 501; Jeffrey v. Mfg. Co., 197 N.C. 724,150 S.E. 503; Cole v. Funeral Home, 207 N.C. 271,176 S.E. 553; Van Landingham v. Sewing Machine Co., 207 N.C. 355,177 S.E. 126; Shoemake v. Refining Co., 208 N.C. 124, 179 S.E. 334;Parrish v. Mfg. Co., 211 N.C. 7, 188 S.E. 817; Liverman v. Cline,212 N.C. 43, 192 S.E. 902.
The decision in the Van Landingham case, supra, is particularly pertinent to the present case.
Judgment of the court below is
Affirmed.
SEAWELL, J., took no part in the consideration or decision of this case. *Page 552