A. R. LONG v. EAGLE 5, 10 AND 25c STORE COMPANY, INCORPORATED, AND J. E. SENTER, ASSISTANT MANAGER.

(Filed 21 September, 1938.)

**1. False Imprisonment § 2—Evidence held for jury on question of whether assistant manager of store caused arrest of customer.**

Evidence that the assistant manager of a store immediately preceded a customer out of the store, that when the latter came out of the door the assistant manager was on one side of the door and a police officer on the other, that another officer in a police car was waiting in front of the store, that the officers arrested the customer without parley, and that the assistant manager got into the police car with them and was personally present and actively engaged in the search of the customer at the police station, and when asked by the customer whether he had had him arrested for stealing a screw driver, which was unwrapped in the customer's pocket,

stated he had seen the customer put it in his pocket without paying for it, *is held* sufficient to be submitted to the jury on the question of whether the assistant manager had caused the arrest of the customer.

2. **Corporations §§ 20, 25: Principal and Agent §10—Evidence held for jury on question of authority of assistant manager to cause arrest of customer.**

Evidence that the assistant manager of a store corporation had a customer arrested to recover goods he mistakenly thought the customer had stolen is sufficient to be submitted to the jury upon the question of whether causing the arrest was within the scope of the assistant manager's apparent authority to protect his employer's goods against injury and theft, and the arrest having been made as the customer was leaving the store and the customer having been searched at the instance of the assistant manager for an article still in his possession, the contention that the arrest was to avenge the supposed theft, which would be outside the assistant manager's apparent authority, is untenable, the arrest being a part of the *res gestæ*, and direct authority therefor or ratification by the principal being unnecessary.

3. **False Imprisonment § 1—**

The fact that an arrest is made by officers of the law is no defense to an action for false arrest when the officers make the arrest at the instance of the individual defendant acting within the apparent scope of his employment by the corporate defendant.

4. **Master and Servant § 21b: Principal and Agent § 7—**

When there is doubt as to the scope of the employee's authority, it must be resolved in favor of the injured third person. and the question submitted to the jury, since the employer places the employee in position to do the wrongful act.

APPEAL by defendant Eagle 5, 10 and 25c Store Company from *Clement, J.,* at January Term, 1938, of HAYWOOD. No error.

The plaintiff brought this action to recover damages for a false arrest which in his complaint he alleges was brought about by the Store Company through J. E. Senter, assistant manager of defendant's department store in Canton. The Store Company answered denying the material allegations of the complaint, and then as a further defense denied liability upon the ground that the assistant manager was not acting within the scope of his authority in making the arrest.

The plaintiff testified that he went to the department store of the defendant in Canton, and while his wife was making other purchases, he was looking about the store, and purchased and paid for a five-cent screw driver, which he placed in his pocket unwrapped, which he was permitted to do by Miss Smathers, a salesgirl who sold him the screw driver. He remained in the store about twenty minutes, and when his wife had finished her purchases plaintiff walked down toward the front door. Senter had come down toward the front from the back end.

When plaintiff walked to the door there was a police car waiting in front of the store, while Senter stood on the right of the door and a policeman stood on the left. The policeman in the car called to Long and told him to come, that he would have to go to the town hall. Plaintiff protested that he did not have time to go, but was told by the policeman that he would have to go. He was compelled to go with the two policemen and Senter down to police headquarters, where he was compelled to empty his pockets, laying out upon the table his knife, pocketbook, a little daybook, his eyeglasses, and the screw driver. Quoting from the record: "When they said that was all I had, Senter said that was the screw driver I had and I asked him if he had me arrested for stealing a screw driver, and he said he saw me put it in my pocket without paying for it, and I said I had bought it, and he said, 'Who from?' and I said, 'From Katherine Smathers.' At the time of this conversation and at the time I pulled the articles out of my pocket Senter was standing by my side on the right side.

"After I had taken the things out of my pocket the police felt over me and searched me and Senter took the screw driver and said that was what I was arrested for."

After the explanation made by plaintiff, Senter and a policeman returned to the store, and another policeman in charge of the plaintiff, the latter still under restraint, followed. At this time plaintiff had the screw driver.

Upon returning to the store, plaintiff returned the screw driver to Senter and demanded his money back, and Senter returned the five cents paid for it. At the same time, Mrs. Long demanded back the money which she had paid for her purchases and, upon Senter's order, the money was refunded to her and she returned the purchases and they left the store.

It is not necessary here to summarize the evidence relating to the good character of the plaintiff and other testimony relating to the *quantum* of damages.

*Smathers & Meekins for plaintiff, appellee.*
*Whitlock, Dockery & Shaw and F. E. Alley for defendant, appellant.*

SEAWELL, J. The defendant relies entirely on the motion for nonsuit at the conclusion of the plaintiff's evidence. It insists that this motion should have been allowed upon the ground that there was no evidence from which a valid inference could be drawn that (1) Senter, the assistant manager, caused the arrest to be made, and (2) that he was acting within the scope of his duty and authority and about his master's business in making the arrest.

1. The evidence, both direct and circumstantial, is sufficient for submission to the jury on this point.

Senter, with timely precision, preceded the plaintiff to the exit, and when the latter came out of the door he found Senter standing on one side of the door, a policeman on the other side, and an officer in a police car, in readiness for his reception. The officers, without parley, proceeded to make the arrest. Information had obviously been given by the only person shown to have entertained the notion that plaintiff was a fit subject for police attention—Senter. Senter got into the police car and was personally present and actively participating in the search, identifying the screw driver, when found on plaintiff's person, as being the object of the search.

When asked by plaintiff if he had had him arrested for stealing a screw driver, Senter replied that he had seen him put it in his pocket without paying for it.

Defendant's counsel give more serious attention to the second proposition.

2. Senter was assistant manager of the Store Company. While such a description might not indicate the exact scope of his duties or authority, still, taken in its ordinary meaning, and in connection with the evidence as to the duties which Senter was openly performing in the store the day of the arrest, it was sufficient to raise an inference that he was at least clothed with authority to protect his employer's goods against injury and theft.

In *Kelly v. Shoe Co.*, 190 N. C., 409, 130 S. E., 32, *Justice Varser* said for the Court: "The term 'manager,' applied to an officer or representative of a corporation, implies the idea that the management of the affairs of the company has been committed to him with respect to the property and business under his charge. Consequently, his acts in and about the corporation's business, so committed to him, is within the scope of his authority. 5 Words and Phrases, 4319; *Sullivan v. Evans-Morris-Whitney Co.*, 54 Utah, 293. The designation 'manager' implies general power, and permits a reasonable inference that he was invested with the general conduct and control of the defendants' business centered in and about their Wilmington store, and his acts are, when committed in the line of his duty and in the scope of his employment, those of the company."

It is pointed out by the defendant, however, that even this does not warrant an inference that Senter had authority to proceed against this plaintiff in order to avenge any theft or supposed theft from the company, and to have the plaintiff punished therefor. The defendant contends that this was the sole purpose and effect of Senter's conduct and that, therefore, under the rule laid down in *Lamm v. Charles Stores,*

201 N. C., 134, 159 S. E., 444, the defendant is absolved from any liability in connection with the conduct of its assistant manager.

In this case the defendant is not particularly aided by the fact that the arrest and search of plaintiff was made by officers of the law. In *Dickerson v. Refining Co.,* 201 N. C., 90, 99, 159 S. E., 446, we find the pertinent observation: "When the servant is engaged in the work of the master, doing that which he is employed or directed to do, and an actionable wrong is done to another, either negligently or maliciously, the master is liable, not only for what the servant does, but also for the ways and means employed by him in performing the act in question. *Ange v. Woodmen* (173 N. C., 33, 91 S. E., 586); Reinhard on Agency, *supra; Bucken v. R. R.,* 157 N. C., 443, 73 S. E., 137;" etc. In so far as it affected the liability of the company, Senter's action in calling in the policemen put the defendant in no more advantageous position than if he had called to his assistance any other persons of sufficient strength and willingness to detain the plaintiff and search his person.

In some instances, as in *Lamm v. Charles Stores, supra* (where a warrant was sworn out more than three months after the supposed offense was committed), the arrest could hardly be considered as a part of the *res gestœ* attending the original transaction, since the time elapsed and the character of the proceeding taken might indicate that the conduct was merely in vindication of the law; and proof of a distinct and direct authorization or ratification of the act would be required, not to be inferred from the circumstances of the case, before liability is established on the theory of *respondeat superior.*

But in this case we do not have to go that far in order to attach liability to his employer for the conduct of Senter. The arrest of the plaintiff at the instance of defendant's assistant manager, and a search of his person for an article just acquired and still in his possession, in the immediate presence and at the instance of Senter, must be regarded as one continuous transaction, insulated by neither time nor circumstance from a valid inference which the jury might draw that the conduct of the assistant manager was directed, mistakenly as it proved, to the immediate protection of his employer's property against theft and its recovery from the thief, and that his action was well within the scope of his authority. *Kelly v. Shoe Co., supra; Berry v. R. R.,* 155 N. C., 287, 71 S. E., 322; *Brockwell v. Telegraph Co.,* 205 N. C., 474, 171 S. E., 784.

We are not unmindful of the suggestion of counsel that it was very improbable that Senter would have gone to all this trouble to recover a five-cent article. Perhaps five-cent articles comprised the bulk of defendant's stock. At any rate, it might be considered even more improbable that the assistant manager, independently of his relation to the

defendant, and the immediate necessity to protect its property, should have caused the arrest of the plaintiff in mere vindication of justice, and with such marked dispatch, for stealing a five-cent screw driver. In fact, this case is grounded upon the unwisdom of the assistant manager, and these matters were for the jury. It has been held that where there is doubt as to the servant's scope of authority, the trial judge is required to resolve the doubt in favor of the plaintiff and submit the evidence to the jury, upon the ground that the employer had placed the servant in position to do the wrongful act. *Dickerson v. Refining Co., supra.* If the evidence is competent to be submitted to the jury, the right of the jury to draw a reasonable inference from it cannot be questioned.

In some of the cases cited above, the authorities on the subject under discussion have been studiously and copiously collated and adequately discussed. We find no substantial conflict between them and refrain from adding to the burden of citation.

In the trial of this case we find

No error.