J. A. SALMON, ADMINISTRATOR OF TISHEY SALMON, DECEASED, v. E. T. PEARCE AND HOME SECURITY LIFE INSURANCE COMPANY.

(Filed 24 November, 1943.)

**1. Principal and Agent § 7—**

Proof of general employment alone is not sufficient to charge an employer with liability for negligence under the doctrine of *respondeat superior*. It must be made to appear that the particular act, in which the employee was at the time engaged, was within the scope of his employment and was being performed in the furtherance of his master's business.

**2. Same: Evidence §§ 42b, 42d—**

Agency having been established either by proof or by admission, the declarations of the agent, made in the course of his employment and in the scope of his agency and while he is engaged in the business, are competent. They must be the extempore utterances of the mind, under circumstances which constitute them part of the *res gestæ*.

**3. Principal and Agent §§ 10b, 13a—**

In an action for damages by plaintiff against defendants, an insurance agent and his employer, for personal injuries to plaintiff occasioned by his being hit by the automobile of the agent, where the evidence tended

to show that the agent drove on to the next street after the accident, turned around and drove back to the scene of the accident and some ten minutes thereafter stated to a traffic officer that he had been out collecting insurance and was on his way home, and where an insurance collection book furnished by the agent's employer was found in his possession and there was evidence that the employer paid part of his automobile expense, a motion of nonsuit as to the employer was properly granted.

APPEAL by plaintiff from *Williams, J.,* at March Term, 1943, of WAKE. Affirmed.

Civil action to recover damages for wrongful death resulting from pedestrian-automobile collision.

The individual defendant Pearce is regularly employed by the corporate defendant as an insurance agent in its Raleigh branch to solicit and sell insurance and to collect premiums from policyholders. In performing his duties he uses his own car, but the employer contributes $5.00 per week toward the payment of the expense.

At about 7:40 p.m., on 4 September, 1942, Pearce, while traversing the intersection of Peace and Salisbury Streets in Raleigh in his automobile, ran into and struck plaintiff's intestate, inflicting injuries from which she died. There was evidence that he was traveling at an excessive rate of speed and was at the time under the influence of some intoxicant.

At the time of the accident he had on his car and in his possession an insurance or premium collection book furnished by his employer. He lived in the vicinity of the accident.

Pearce did not immediately stop at the scene of the accident, but drove on to Railroad Street, turned around, and drove back to the scene behind a traffic officer. After the officer had cleared the traffic and had helped place the plaintiff's intestate on an ambulance he talked to Pearce—five to ten minutes after he arrived. At that time Pearce stated that he "had been out to make a round of back calls and stopped at the filling station and got a bottle of beer and started home."

"Q. Did he say what the back call for whom he was making?

"A. He said to make a collection that he failed to make on his route; that he was going on his back call to make it."

As stated by another witness, he said: "He had been out collecting insurance and had been at work, and was on his way home and had stopped at Person Street Sandwich Shop to get a bottle of beer."

On objection by the corporate defendant the testimony as to what Pearce said was excluded as to it and admitted as against Pearce only. Plaintiff excepted.

At the conclusion of the evidence for plaintiff the court below entered judgment of nonsuit as to the corporate defendant. Plaintiff excepted, submitted to judgment of voluntary nonsuit as to Pearce, and appealed.

*Sam J. Morris and J. M. Templeton for plaintiff, appellant.*
*T. Lacy Williams for defendant, appellee.*

BARNHILL, J.   It is apparent from this record that the judgment of nonsuit was bottomed on the conclusion that there was no sufficient evidence offered tending to show that Pearce at the time of the accident was about his master's business, so as to charge the insurance company with liability under the doctrine of *respondeat superior*.   In this conclusion we concur.

The evidence tends to show negligence and general employment, and nothing more.   There is no evidence that Pearce was, at the time and in respect to the transaction out of which the injury and death arose, engaged in discharging any duty of his employment.

Proof of general employment alone is not sufficient to impose liability. It must be made to appear that the particular act in which the employee was at the time engaged was within the scope of his employment and was being performed in the furtherance of his master's business.   *Tribble v. Swinson,* 213 N. C., 550, 196 S. E., 820; *Liverman v. Cline,* 212 N. C., 43, 192 S. E., 809; *Smith v. Moore,* 220 N. C., 165, 16 S. E. (2d), 701, and cases cited; *Grier v. Grier,* 192 N. C., 760, 135 S. E., 852; *Riddle v. Whisnant,* 220 N. C., 131, 16 S. E. (2d), 698; *Robinson v. Sears, Roebuck & Co.,* 216 N. C., 322, 4 S. E. (2d), 889; *Cole v. Funeral Home,* 207 N. C., 271, 176 S. E., 553; *Van Landingham v. Sewing Machine Co.,* 207 N. C., 355, 177 S. E., 126; *McLamb v. Beasley,* 218 N. C., 308, 11 S. E. (2d), 283.

Presence of the premium collection book on the car owned by Pearce and used by him in discharging his duties does not supply the missing link.   *Van Landingham v. Sewing Machine Co., supra; Tribble v. Swinson, supra; Creech v. Linen Service Corp.,* 219 N. C., 457, 14 S. E. (2d), 408.

*Barrow v. Keel,* 213 N. C., 373, 196 S. E., 366, and *Pinnix v. Griffin,* 219 N. C., 35, 12 S. E. (2d), 667, relied on by plaintiff, are factually distinguishable.

Was there, then, error in the exclusion of the evidence relating to statements made by Pearce shortly after the accident?

Agency having been established either by proof or by admission, the declarations of the agent made in the course of his employment and within the scope of his agency and while he is engaged in the business (*dum fervet opus*) are competent as, in that case, they are, as it were, the declarations of the principal.   *Brittain v. Westall,* 137 N. C., 30, 49 S. E., 54, and cases cited; *Hunsucker v. Corbitt,* 187 N. C., 496, 122 S. E., 378.

To be competent the statement must be made while the agent is engaged in transacting some authorized business and must be so connected with it as to constitute a part of the *res gestœ*. It must be a part of the business on hand or the pending transaction, as regards which for certain purposes the law identifies the principal and the agent, *Queen v. Ins. Co.,* 177 N. C., 34, 97 S. E., 741; or it must be the extempore utterance of the mind under circumstances and at a time when there has been no sufficient opportunity to plan false or misleading statements —such statement as exhibits the mind's impression of immediate events and is not narrative of past happenings. Tiffany on Agency, p. 252; *Queen v. Ins. Co., supra; Hubbard v. R. R.,* 203 N. C., 675, 166 S. E., 802; *Caulder v. Motor Sales, Inc.,* 221 N. C., 437, 20 S. E. (2d), 338. On this point *Pinnix v. Griffin, supra,* is also authoritative.

Statements of an agent that are nothing more than a narrative of a past occurrence, *Northwestern Union Packet Co. v. Clough,* 22 L. Ed., 406, and which do not characterize or qualify an act presently done within the scope of the agency, *Nance v. R. R.,* 189 N. C., 638, 127 S. E., 635, are, as against the principal, nothing more than hearsay and are incompetent. *Brown v. Montgomery Ward & Co.,* 217 N. C., 368, 8 S. E. (2d), 199; *Caulder v. Motor Sales, Inc., supra.* See also Anno. 76 A. L. R., 1125, 20 Am. Jur., 510, sec. 599; *Winchester and P. Mfg. Co. v. Creary,* 116 U. S., 161, 29 L. Ed., 591.

A driver's statement to a policeman, made before the person injured by his truck was taken away, that he was working for the defendant, *Renfro v. Central Coal and Coke Co.,* 19 S. W. (2d), 766, or a chauffeur's declaration that he was on a mission for his employer, is incompetent for "the act done cannot be qualified or explained by the servant's declaration, which amounts to no more than a mere narrative of a past occurrence." *Frank v. Wright,* 140 Tenn., 535, 205 S. W., 434. Likewise, a remark made by an automobile driver, immediately after returning to the place where he ran the car into a wagon and horses, that he was working for the defendant is hearsay and inadmissible for any purpose. *Beville v. Taylor,* 202 Ala., 305, 80 So., 370; see also *Sakolof v. Donn,* 194 N. Y. Supp., 580; *Lang Floral and Nursery Co. v. Sheridan,* 245 S. W., 467 (Tex.); and *Moore v. Rosenmond,* 238 N. Y., 356, 144 N. E., 639, which are to the same effect.

That such declarations are hearsay and inadmissible in evidence is sustained not only by the text writers and decisions of other courts but by many decisions of this Court in addition to those heretofore cited. *Cole v. Funeral Home,* 207 N. C., 271, 176 S. E., 553; *Smith v. R. R.,* 68 N. C., 107; *Rumbough v. Improvement Co.,* 112 N. C., 751, 17 S. E., 536; *Gazzam v. Ins. Co.,* 155 N. C., 330, 71 S. E., 434; *Hubbard v.*

*R. R., supra; Parrish v. Mfg. Co.,* 211 N. C., 7, 188 S. E., 817, and cases cited.

It follows that the testimony as to declarations made by the defendant Pearce was incompetent and inadmissible as against the defendant Insurance Company. These declarations were made some time after the occurrence, after Pearce had left the scene of the accident and returned, after police had arrived at the scene, and after the deceased had been placed on an ambulance. They clearly come under the hearsay rule.

Even if admitted, the statement made tends to show that Pearce had completed his work and was at the time on his way home. *Creech v. Linen Corp., supra; McLamb v. Beasley, supra.*

The judgment below is

Affirmed.