SEAWELL, J., dissenting.
Civil action for damages resulting from the alleged negligent operation of a truck of the tractor-trailer type.
Plaintiffs operate a cafe in a two-story brick building located at the intersection of N.C. Highways Nos. 10 and 54. Their living quarters are located on the second floor. About 1:15 a.m., 7 September, 1945, plaintiffs heard "an awful noise." On investigation they found that a motor vehicle of the tractor-trailer type had run into the building. The vehicle had the name of defendant painted on the sides of the trailer and truck. The stock in trade of plaintiffs was damaged and they were forced to remain closed for some time. Plaintiff testified, over objection of defendant, that Belton King said at the time that he was driving the truck; that he fell asleep and lost control of the truck, and "tore it all to pieces."
There was a verdict for plaintiffs. From judgment on the verdict the defendant appealed.
There is ample evidence of negligence on the part of the driver of the truck which ran into the building occupied by plaintiffs. Etheridge v.Etheridge, 222 N.C. 616, 24 S.E.2d 477; Boone v. Matheny, 224 N.C. 250,31 S.E.2d 364. The plaintiffs seek to hold the defendant liable for the damages they sustained as a result thereof under the doctrine ofrespondeat superior. The defendant denies all the essential allegations in the complaint, so that plaintiffs are put to proof of every fact necessary to support a recovery. Thus the question posed by this appeal is this: Is there any evidence sufficient to warrant the submission of the case to the jury on the issue of defendant's liability under the doctrine of respondeatsuperior?
There is evidence that the name of defendant corporation was painted on the sides of the truck and trailer; and one of plaintiffs referred to the truck as "the Thurston Motor Lines truck." Defendant in its answer admits that it is engaged in the business of hauling merchandise and freight by motor truck and trailer for profit over and upon the highways of North Carolina and other states. The record discloses this and nothing more. There is no evidence that the truck was loaded or unloaded, *Page 195 
or that it had ever been used in the business of defendant. Neither is there any evidence that the driver was then, or had ever been, in the employ of the defendant.
The doctrine of respondeat superior applies only when the relation of master and servant, employer and employee, or principal and agent is shown to exist between the wrongdoer and the person sought to be charged for the result of the wrong, at the time and in respect to the very transaction out of which the injury arose. This is so well recognized that it may be said to be axiomatic.
The question is: Does evidence tending to show that defendant was the owner of the truck which caused the damage, together with proof of negligence of the driver, make out a prima facie case for the jury as against the owner?
On this question there is a decided conflict of judicial opinion. Decisions fall into at least three major groups: (1) Some courts hold that proof of ownership alone is, prima facie, sufficient, in the absence of positive evidence that the driver was not an employee of defendant; (2) others that proof of ownership plus general employment is sufficient; and (3) still others that there must be some evidence that the driver was an employee, about his master's business at the time of and in respect to the very transaction out of which the injury arose. See 9 Blashfield, Pt. 2 Auto L. P., 368, et seq.; Anno. 43 A.L.R., 899, where North Carolina is listed in the third class.
In the light of this conflict of opinion and decided lack of harmony in other jurisdictions, we must look to cases decided by this Court to ascertain what rule we have adopted and what course we have pursued, for the rule prevailing in this jurisdiction is, after all, controlling here.
In Linville v. Nissen, 162 N.C. 95, 77 S.E. 1096, the Court, quoting from Durham v. Straus, 38 Pa. Sup. Ct., 621, said: "The plaintiff must not only show that the person in charge was defendant's servant, but the further fact that he was at the time engaged in the master's business. Evidence of the mere ownership of the machine is insufficient."
Thereafter in Clark v. Sweaney, 175 N.C. 280, 95 S.E. 568, andWilson v. Polk, 175 N.C. 490, 95 S.E. 849, Clark, C. J., used language seemingly intended to restrict the decision in the Linville case, supra. But the Court did not overrule the principle there stated. In the Polk case
it was said by way of obiter: "The Court did not hold in that (the Linville) case that proof of the ownership of the automobile, and that it was being driven by the minor son of the owner was not evidence to go to the jury. These are facts which usually call for explanation from the defendant owner." In the Sweaney case the defendant owned the automobile. His son was driving and his wife was a passenger at the time of the collision. Immediately after the collision the defendant appeared and directed his son to carry plaintiff home on *Page 196 
his, defendant's, automobile. A divided Court held this evidence sufficient to be submitted to the jury.
On the other hand, the Court, in Freeman v. Dalton, 183 N.C. 538,111 S.E. 863, expressly approved the language used in the Linvillecase. Then in Misenheimer v. Hayman, 195 N.C. 613, 143 S.E. 1, Adams,J., speaking for the Court, says: "Unquestionably there is evidence of the driver's negligence, and in our opinion there is sufficient evidence of the defendant's ownership of the truck. The defendant contends, however, that if this be admitted it would still be incumbent upon the plaintiff to show that the driver was engaged in the performance of the defendant's business. This, of course, is a correct proposition . . ." To like effect are Bilyeu v. Beck,178 N.C. 481, 100 S.E. 891, and Grier v. Grier, 192 N.C. 760, 130 S.E. 617.
These and other decisions rendered during the same period of time left the law in a somewhat confused or uncertain state. Then, at the Fall Term, 1929, three cases, in which the question was directly involved, were decided by this Court. In Cotton v. Transportation Co., 197 N.C. 709,150 S.E. 505, the defendant was the owner of the machine and the driver was defendant's employee. Stacy, C. J., speaking for the Court, discussed some of the prior decisions and affirmed the judgment of nonsuit on the grounds there was no evidence the driver was about his master's business in respect to the transaction out of which the injury arose. In Martin v. Bus Line,197 N.C. 720, 150 S.E. 501, there was likewise evidence of ownership and general employment. The Chief Justice, in affirming a judgment of nonsuit, cites the Linville case, reconciles prior decisions, outlines the facts which must be made to appear in order to make out a prima facie case, and says: "The plaintiff must offer `some evidence which reasonably tends to prove every fact essential to his success' (S. v. Bridgers, 172 N.C. 879,89 S.E. 804)." See also Linville v. Nissen, supra; Gurley v. PowerCo., 172 N.C. 690, 90 S.E. 943; Mason v. Texas Co., 206 N.C. 805,175 S.E. 291; Liverman v. Cline, 212 N.C. 43, 192 S.E. 849; Cole v.Funeral Home, 207 N.C. 271, 176 S.E. 553; Van Landingham v. SewingMachine Co., 207 N.C. 355, 177 S.E. 126; Smith v. Duke University,219 N.C. 628, 14 S.E.2d 643.
Then in Jeffrey v. Mfg. Co., 197 N.C. 724, 150 S.E. 503, Brogden,J., frankly recognized the sharp division in judicial opinion as to what evidence is sufficient to make out a prima facie case under the doctrine ofrespondeat superior, cited cases in other jurisdictions holding that proof of ownership by defendant plus negligence by the driver is sufficient, and then met the issue squarely by saying: "In North Carolina the decisions are not in full accord, but the general principle is that mere ownership plus negligence is not sufficient to constitute a prima facie case." *Page 197 
Whatever the lack of full accord may have been prior to that time, since the rendition of these decisions, this Court has adhered consistently to the rule thus stated. They settled the question in this jurisdiction. In every case, since decided, in which the question has been at issue, the Court has held that to charge the owner of a motor vehicle for the neglect or default of another there must be some evidence of the agency of the driver at the time and in respect to the transaction out of which the injury arose, and that proof of ownership alone is not sufficient to warrant or support an inference of such agency.
We have repeatedly held that proof of general employment is not sufficient. Linville v. Nissen, supra; Jeffrey v. Mfg. Co., supra; Martinv. Bus Line, supra; Tribble v. Swinson, 213 N.C. 550, 196 S.E. 820;Parrott v. Kantor, 216 N.C. 584, 6 S.E.2d 40; McLamb v. Beasley,218 N.C. 308, 11 S.E.2d 283; Creech v. Linen Service Corp.,219 N.C. 457, 14 S.E.2d 408; Smith v. Duke University, supra; Salmonv. Pearce, 223 N.C. 587, 27 S.E.2d 647.
Even more significant is the fact that we, time and again, have either sustained or directed a judgment of nonsuit where there was evidence of ownership by the defendant plus negligence of the driver. Among those cases in which this has occurred are these: Linville v. Nissen, supra; Reich v.Cone, 180 N.C. 267, 104 S.E. 530; Bilyeu v. Beck, supra; Freeman v.Dalton, supra; Grier v. Grier, supra; Martin v. Bus Line, supra; Cotton v.Transportation Co., supra; Weatherman v. Ramsey, 207 N.C. 270,176 S.E. 568; Tyson v. Frutchey, 194 N.C. 750, 140 S.E. 718; Swicegood v.Swift Co., 212 N.C. 396, 193 S.E. 277; Parrott v. Kantor, supra;Vaughn v. Booker, 217 N.C. 479, 8 S.E.2d 603; McLamb v. Beasley,supra; Hawes v. Haynes, 219 N.C. 535, 14 S.E.2d 503; Riddle v.Whisnant, 220 N.C. 131, 16 S.E.2d 698; Smith v. Moore, 220 N.C. 165,16 S.E.2d 701; Miller v. Moore, 222 N.C. 749, 21 S.E.2d 874; Russellv. Cutshall, 223 N.C. 353, 26 S.E.2d 866; Rogers v. Black Mountain,224 N.C. 119, 29 S.E.2d 203; Smith v. Mariakakis, 226 N.C. 100.
It may be suggested that in some of these cases evidence of the nonagency of the driver was developed through witnesses for the plaintiff. But the value of the cited and like cases as authorities on the question here presented rests squarely upon the all-important fact that, notwithstanding proof of ownership by defendant plus negligence by the driver, a judgment of nonsuit was directed in each.
In deciding whether there is sufficient evidence to be submitted to a jury, we must consider the testimony in the light most favorable to the plaintiff. If evidence of ownership plus negligence of the driver is sufficient to make out a prima facie case, judgment of nonsuit was not in order. The plaintiff, having offered evidence of ownership plus negligence, made out a prima facie case. Credibility was for the jury and *Page 198 
not the Court. And so, on the motion to dismiss, the Court could not have considered evidence tending to contradict the inference of agency arising from the proof of ownership even though such evidence came from witnesses for the plaintiff (other than the plaintiff himself).
So then in this State the rule is this: Evidence tending to show that defendant owned the vehicle which caused the damage and that such damage proximately resulted from the negligent manner in which the driver operated the same is not sufficient, prima facie, to charge the defendant under the doctrine of respondeat superior. There must be some evidence of the agency of the driver at the time and in respect to the transaction out of which the injury arose.
To particularize is to exclude, and so we would not attempt to formulate a definition of "some evidence" applicable in all cases. That question must be decided in the light of the attendant circumstances in each case as it arises.
If view of our conclusion in respect to the motion to nonsuit the assignment of error based on the exception to the admission of the statement of the driver becomes immaterial. However, it is not amiss to note that even if said statement constitutes a part of the res gestae, (and this we do not decide), it is not admissible against this defendant as evidence, either of negligence or agency, for the reason the record fails to disclose any testimony tending to show that he was at the time the agent of defendant. McCorkle v. Beatty, 226 N.C. 338; Staley v. Park,202 N.C. 155, 162 S.E. 202.
The agency must be shown aliunde before the agent's admission will be received. Hunsucker v. Corbitt, 187 N.C. 496, 122 S.E. 378, and cited cases.
The trouble with this case is not with the law, but with the record. The plaintiff stopped short of making good his allegations. He now seeks to save himself by invoking the aid of legal presumptions, but these, too, need some facts to make them effective. It is alleged that the truck was engaged in the defendant's business at the time of the injury. This is denied. No evidence was offered to prove it. It is the rule with us that the plaintiff must make out his case.
For the reasons stated the judgment below must be
Reversed.