Civil action to recover damages for wrongful death resulting from alleged actionable negligence.
The plaintiff alleges and offered evidence tending to show that Lula Gee Frank, plaintiff's intestate, was fatally injured about seven-thirty on the night of 14 September, 1936, as the proximate result of the negligence of the defendant John Paul McIntosh.
Plaintiff further alleges that the automobile truck which John Paul McIntosh was operating at the time of the injury to said intestate was owned by the defendant J. C. McIntosh, and that John Paul McIntosh was operating it in the furtherance of the business, and as the agent and servant of the defendant J. C. McIntosh.
Defendants denied all material allegations. *Page 466 
The evidence offered by plaintiff in support of these further allegations tended to show substantially these facts: John Paul McIntosh is the 20-year-old son of J. C. McIntosh, and resides in the home of his father. In April, 1936, John Paul bought a 1936 model Ford truck but, being a minor, his father advanced the money to cover the deferred payments and took title in his name, with agreement to hold truck for the son until the money advanced should be repaid. The money was repaid, and on 16 July, 1936, the father executed and acknowledged before a notary public an assignment of the title certificate to the son, but the transfer was not recorded in Raleigh. The son operated the truck for himself.
At the time of the collision in which plaintiff's intestate was fatally injured, John Paul McIntosh was hauling a load of lumber for a Mr. Pegram. The lumber had been manufactured from timber cut from land owned by J. C. McIntosh and his sister. J. C. McIntosh had sold, at the mill, a part of the lumber to Mr. Pegram, who got John Paul McIntosh to haul it. Pegram paid J. C. McIntosh for the lumber and paid John Paul for the hauling. The collision occurred while John Paul was hauling this lumber. J. C. McIntosh had no interest in and received no part of the compensation for the hauling.
Plaintiff offered the tax lists of J. C. McIntosh for the years 1936 and 1937 on which a 1936 model Ford truck was listed. J. C. McIntosh testified, however, on adverse examination that the listing for 1936 was a mistake as the truck was bought after 1 April, 1936, and that the one listed for 1936 and 1937 should have been a 1932 model which he now owns. The evidence further showed that John Paul had not listed the truck for taxation.
Defendant J. C. McIntosh made motion for judgment as of nonsuit at close of plaintiff's evidence, and renewed the motion at the close of all the evidence. Motions denied. Exceptions.
From judgment on adverse verdict defendant J. C. McIntosh appealed to Supreme Court, and assigns error.
The record fails to show that at the time of and in respect to the collision out of which the death of plaintiff's intestate arose, the defendant John Paul McIntosh, the driver of the truck, was the agent or servant of, or about the business of the defendant J. C. McIntosh. The case does not come within the doctrine of respondeat *Page 467 superior. Therefore, motion of defendant J. C. McIntosh for judgment as of nonsuit should have been allowed on the authority of Liverman v. Cline,212 N.C. 43, 192 S.E. 849, where the doctrine of respondeat superior is appropriately stated, and the applicable authorities are assembled.
As to the defendant J. C. McIntosh, the judgment below is
Reversed.