WILLIAM H. ROSS v. ROBERT C. DELLINGER and TRY-WILK REALTY COMPANY, INC., t/a and d/b/a CAPRI MOTEL.

(Filed 14 October, 1964.)

**Corporations § 26—**

> Evidence tending to show that the general manager of a motel in complete charge of its operations had a car towed from its premises under the mistaken belief that the owner of the car was not a guest, and that when the guest refused to pay his bill without deducting the unwarranted towing charges, instituted a prosecution of the guest under G.S. 14-110, *is held* sufficient to be submitted to the jury on the issue of *respondeat superior* in an action against the motel, the acts of the manager having been performed in furtherance of the motel's business.

Appeal by defendant Try-Wilk Realty Company, Inc., t/a Capri Motel, from *Lathan, S. J.*, 18 May 1964 Schedule C Session, from Mecklenburg.

This is a civil action instituted by the plaintiff against defendant to recover actual and punitive damages resulting from the malicious prosecution of the plaintiff by defendant Robert C. Dellinger, who was manager of the corporate defendant's motel, acting within the course and scope of his employment.

On 9 July 1963 the plaintiff registered as a guest at the Capri Motel, owned and operated by the corporate defendant. The plaintiff was registered by defendant Dellinger, the manager of the motel, who gave plaintiff a weekly rate based on a daily rental of $4.41. At the time, the plaintiff had a fractured kneecap and was unable to drive. His cousin drove plaintiff's 1963 Chevrolet car to the motel. There was a parking space adjacent to the room assigned to the plaintiff, but because the plaintiff knew he would be unable to drive during his stay, he had his car parked in the parking lot 25 or 30 feet away from his room rather than in the space adjacent to his room because the latter space was in an area which was used by those coming into the motel, and plaintiff was fearful his car might be damaged by a passing vehicle.

The plaintiff's automobile remained in the parking lot until the early morning of 12 July 1963, at which time the plaintiff discovered that his car was missing. He inquired of Dellinger, the motel's manager, about his car. Dellinger informed him that he had had the car towed away because he did not know to whom it belonged. Dellinger refused to pay the towing charges. At that point the plaintiff advised Dellinger that he was going to check out of the motel immediately and offered to pay the motel bill less the towing charges. Dellinger refused the offer and advised the plaintiff that he (Dellinger) knew the law and that they had

"places to put people * * * that wouldn't pay their motel bill." The plaintiff then did check out of the motel and registered at another motel.

The next morning plaintiff went to get his car from the White Star Wrecking Service which had towed the automobile away from the Capri Motel upon the written instructions of Dellinger, which instructions authorized the White Star Wrecking Service to pull away the plaintiff's automobile, describing it by make and license number, and further stating that the automobile was not owned by a registered guest of the motel.

The plaintiff paid White Star Wrecking Service $10.00 towing charge, recovered possession of his automobile and returned to the Capri Motel. The manager was not present. The plaintiff offered to pay his motel bill to the room clerk less the towing charges, and the room clerk stated that he was acting upon the instructions of the manager and refused to accept the payment.

Later, the plaintiff called the manager of the motel on the telephone and again offered to pay the motel bill less the towing charges. Dellinger again refused. Dellinger told the plaintiff that he would have him put in jail if he didn't pay the whole motel bill.

On 24 July 1963 Dellinger swore out a warrant for the plaintiff, charging him with failure to pay his motel bill in violation of Section 14-110 of the General Statutes of North Carolina. The plaintiff was tried on the charge in the Charlotte City Recorder's Court on 25 July 1963 and was found "Not Guilty."

The jury awarded the plaintiff actual and punitive damages against both defendants.

Defendant Try-Wilk Realty Company, Inc., appeals, assigning error.

*W. Faison Barnes, Leon Olive for plaintiff appellee.*

*Weinstein, Waggoner & Sturges by T. LaFontine Odom for defendant Try-Wilk Realty Company, Inc.*

Per Curiam. The corporate defendant assigns as error the failure of the court below to sustain its motion for judgment as of nonsuit, made at the close of plaintiff's evidence and renewed at the close of all the evidence.

Defendant contends that the evidence of the plaintiff was insufficient to show that defendant Dellinger had the authority to have the plaintiff arrested or to prosecute any criminal action on behalf of the corporate defendant.

The general rule of law relative to the application of the doctrine of *respondeat superior* in a situation like that presented on this appeal, is stated in 54 C.J.S., Malicious Prosecution, section 64(a), page 1032, as follows: "It is a settled rule that a corporation may be liable for the malicious prosecution of an action or proceeding instituted by its authorized agents, officers, or servants acting within the scope of their employment or authority in the carrying out of its policy, or in the furtherance of its business, although it may not have expressly authorized the particular act, or ordered it, or subsequently ratified it. The malice of the agent or servant will be imputed to the corporation; and, where the agent or servant acted within the general scope of his authority in instituting a prosecution, the corporation is liable for his acts, although in doing the particular act he may have disobeyed instructions. * * *"

The evidence in this case supports the view that the defendant Dellinger was the manager of the Capri Motel and had complete charge of its operation. He testified that an agent of the corporate defendant turned the motel over to him and that he (Dellinger) did the hiring and firing of the employees, set the hours of the employees, and was in charge of the maintenance of the motel.

In *Kelly v. Shoe Co.*, 190 N.C. 406, 130 S.E. 32, it is said: "The designation 'manager' implies general power, and permits a reasonable inference that he was invested with the general conduct and control of the defendants' business centered in and about their Wilmington store, and his acts are, when committed in the line of his duty and in the scope of his employment, those of the company." See also *Gillis v. Tea Co.*, 223 N.C. 470, 27 S.E. 2d 283, 150 A.L.R. 1330, and *Long v. Eagle Store Co.*, 214 N.C. 146, 198 S.E. 573.

The plaintiff's evidence, in our opinion, was sufficient to carry the case to the jury; therefore, this assignment of error is overruled.

Other assignments present no sufficiently prejudicial error to justify a new trial.

In the trial below, we find

No error.